IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DEAN WRIGHT,<br><br>   Plaintiff,<br><br>   v.<br><br>OAKLAND MUNICIPAL CREDIT UNION,<br><br>   Defendant._____/ | No. C-11-01484 EDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

On January 3, 2011, Plaintiff Larry Wright, a former employee of the Oakland Municipal Credit Union, filed an action in state court against Oakland Municipal Credit Union alleging claims for whistleblower retaliation, disability discrimination, harassment, retaliation, and violations of the California Labor Code. On February 4, 2011, the State appointed the National Credit Union Administration Board (NCUA) as the liquidating agent of the Oakland Municipal Credit Union, which had been placed into involuntary liquidation. On February 28, 2011, Plaintiff filed an amended complaint to list NCUA as the defendant in this case.

On March 28, 2011, NCUA removed this matter pursuant to 12 U.S.C. § 1789(a)(2), which states:

   (a) In carrying out the purposes of this subchapter, the Board may--

   ***

   (2) sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Board shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy. The Board may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect, *except that any such suit to which the Board is a party in its capacity as liquidating agent of a State-chartered credit union and which involves only the rights or obligations of*

> *members, creditors, and such State credit union under State law shall not be deemed to arise under the laws of the United States.* No attachment or execution shall be issued against the Board or its property before final judgment in any suit, action, or proceeding in any State, county, municipal, or United States court. The Board shall designate an agent upon whom service of process may be made in any State, territory, or jurisdiction in which any insured credit union is located;
>
> \*\*\*

12 U.S.C. § 1789(a)(2) (emphasis added). On April 27, 2011, Plaintiff filed a motion to remand, arguing that the "exception" proviso in § 1789(a)(2) mandates remand. For the reasons stated at the June 9, 2011 hearing and in this Order, the Court denies Plaintiff's motion to remand.

**Legal Standard**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**Discussion**

The parties first dispute whether Plaintiff has the burden of establishing that the exception in § 1789(a)(2) applies or whether Defendant has the burden of showing that the exception does not apply. Plaintiff argues that the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted); see also Provincial Government v. Placer Dome, Inc., 582 F.3d 1082, 1087 (9th Cir. 2009). Although Plaintiff also relies on Credit Union Group Enterprises v. Kansas Department of Credit Unions, 457 F. Supp. 2d 1235 (D. Kan. 2006), for the proposition that Defendant has the burden of establishing that the exception does not apply, the court in that case did not examine any exception language like that at issue here.

Defendant argues that the specific language of the exception establishes that Plaintiff has the burden of showing that remand is appropriate. See Lazuka v. Federal Deposit Insurance Corp., 931 F.2d 1530 (11th Cir. 1991). In Lazuka, the court did not address § 1789(a)(2), but did interpret a similar statute relating to the Federal Deposit Insurance Corporation, 12 U.S.C. § 1819. Section

2

1819 has a similar exception clause to § 1789(a)(2), which stated at the time that Lazuka was decided:

> (D) State Actions
> ... any action-
> (i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
> (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
> (iii) in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States.

12 U.S.C. § 1819(b)(2)(D). The Lazuka court determined that § 1819 created a rebuttable presumption of federal jurisdiction, and that "it seems only logical that the plaintiff has the burden of showing an exception under subsection (D) to federal jurisdiction." Lazuka, 931 F.2d at 1535; see also Serrano v. 1800 Connect, Inc., 478 F.3d 1018, 1021-22 (9th Cir. 2007) (stating in a removal case that: "Rather, we conclude that the party seeking remand bears the burden to prove an exception to CAFA's jurisdiction."). Although there is no Ninth Circuit authority directly on point, it appears that Plaintiff has the burden of establishing that the exception applies. However, the Court need not resolve this dispute because it would reach the same conclusion regardless of which party bears the burden.

Each of the exception's three provisions must be met to avoid federal jurisdiction under § 1789(a)(2): (1) that the NCUA is a party to the case in its capacity as liquidating agent of a State-chartered credit union; (2) that the case involves only the rights or obligations of members, creditors, and such State credit union; and (3) that the claims arise only under state law. There is no dispute that Defendant is acting in its capacity as liquidating agent of a state-chartered credit union, and that Plaintiff's claims arise only under state law. The dispute in this case centers on the second element of the exception.

Plaintiff argues that this case involves only the rights or obligations of members, creditors, and the State credit union, and therefore, should be remanded. Specifically, Plaintiff argues that he is a "creditor" of the Oakland Municipal Credit Union because the NCUA sent him a notice pursuant to 12 U.S.C. § 1787(b)(3), which informed him of the timeline and requirements for "creditor

3

1  claims" to be filed. See Balles Decl. Ex. 2. Plaintiff responded to the letter by filing a claim. See
2  Balles Reply Decl. ¶ 3. Thus, Plaintiff argues that because NCUA referred to him as a creditor and
3  because he filed a claim, this action is one that involves the rights of Plaintiff as a creditor. The
4  Court is not persuaded, however, that "creditor" status within the meaning of § 1789(a)(2) is
5  satisfied by evidence that a form letter from NCUA addressed him as a creditor. As a practical
6  matter, it would seem that the agency needs to err on the side of overinclusion in providing notice to
7  all arguable potential creditors, however tenuous. At the hearing, Defendant argued convincingly
8  that if all individuals who received notice of the ability to bring claims were considered creditors for
9  purposes of the exception to federal jurisdiction, then the second element of the exception would
10 have no effect. The plain meaning of "creditor" is one to whom money is owed, as distinct from a
11 mere claimant who contends that he is owed money but the merits of his or her claim have not yet
12 been determined.

13         Further, the two individual Defendants supervisors are not "creditors" within the meaning
14 of the statute. Plaintiff argues that the individual Defendants are potential creditors based on their
15 status as agents of the Oakland Municipal Credit Union. See Cal. Gov't Code. § 12926(d)
16 (definition of "employer" under Fair Employment and Housing Act (FEHA) includes persons acting
17 as agents of the employer); Cal. Gov't Code § 12926(r) (definition of "supervisor" under FEHA
18 includes anyone having authority from the employer to make employment-related decisions
19 regarding employees). Plaintiff intends to prove at trial that the supervisors subjected him to
20 discrimination and harassment and even if he cannot prove that they are supervisors under FEHA, he
21 will show that each of them have personal liability for harassment. See Cal. Gov't Code §
22 12940(j)(3). Thus, Plaintiff argues that the supervisors are "potential creditors" because if each or
23 both of the supervisors are found individually liable, they could seek indemnity from Oakland
24 Municipal Credit Union and the NCUA pursuant to California Labor Code section 2802. However,
25 even if the individual supervisors are "potential creditors," § 1789(a)(2) does not provide an
26 exception for merely potential, as opposed to actual, creditors.

27         Plaintiff also argues that 12 U.S.C. § 1787(b)(5)(F)(ii) saves his claim. That section states:
28 "Subject to paragraph 12 [regarding the ability of the liquidating agent to obtain a stay after being

4

appointed], the filing of a claim with the liquidating agent shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the liquidating agent." Plaintiff argues that once the NCUA obtained a stay in this case, it should not have removed it to federal court. But NCUA acted within the statute in removing this case, and Plaintiff has not been precluded from continuing to pursue his claim, only now he must do so in federal court. The statute does not guarantee a choice of forum.

Accordingly, this case does not come within the exception to federal jurisdiction set forth in § 1789(a)(2). The motion to remand is denied.

**IT IS SO ORDERED.**

Dated: June 16, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge

5