**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    LARRY DEAN WRIGHT,                              No. C-11-01484 EDL

12              Plaintiff,                            **ORDER REGARDING JOINT**
                                                      **SUBMISSION OF PARTIES RE: (1)**
13       v.                                           **DISCOVERY LIMITS; AND (2)**
                                                      **DISCOVERY PLAN**
14    OAKLAND MUNICIPAL CREDIT UNION,

15              Defendant.
                                          /
16

17           On September 29, 2011, the parties filed a Joint Submission of Parties Regarding (1)

18    Discovery Limits and (2) Discovery Plan.  The submission contained areas of agreement and

19    disagreement between the parties regarding discovery in this case.  To the extent that the submission

20    contains the parties' agreements, the Court incorporates those agreements in this Order.  The Court

21    makes the following rulings on the issues about which the parties disagree.

22    1.    Interrogatories:  Plaintiff is limited to a total of 50 interrogatories and Defendants are limited

23          to 75 interrogatories to be split between Defendant Oakland Municipal Credit Union and the

24          individual Defendants as they choose.

25    2.    Requests for Admissions:  There shall be no limit on requests for admission as to the

26          genuineness of documents, but the Court encourages the parties to resolve issues of

27          genuineness by stipulation. Other requests for admission are limited to 50 per side for the

28          entire litigation to be used in any phase of the case.

      3.    Requests for Production of Documents:  The number of requests for production that may be

**United States District Court**
For the Northern District of California

1   served is not limited.  Any party may, if warranted, file a motion for protective order against

2   excessive requests for production.

3   4.   Depositions:  There has been no sufficient showing at this time that the number of

4        depositions should exceed ten per side as permitted by Federal Rule of Civil Procedure 30(a).

5        Either party may seek leave of court to exceed ten depositions in the future if the appropriate

6        showing can be made.  Plaintiff shall have a total of twenty-four hours of deposition time for

7        Dora Coleman and Richard Mark, to be split between the two witnesses as Plaintiff wishes.

8        These depositions shall count as two against the limit of ten.  Defendants shall have a total of

9        twelve hours of deposition time for Plaintiff, which will count as one deposition against the

10       limit of ten.  The Court declines to formally order that counsel for Oakland Municipal Credit

11       Union and counsel for the individual Defendants are barred from covering the same areas of

12       inquiry, as requested by Plaintiff, but cautions Defendants to avoid repetitive questioning

13       during depositions.

14  5.   Defendant Coleman's personnel records:  Although Defendants seek to avoid costly motion

15       practice prior to mediation, the Court disagrees that deposition testimony on this issue would

16       be better than discovery of the documents.  The Court suggests that, prior to mediation,

17       Defendants should produce the personnel records subject to a stipulated protective order that

18       limits use of private information to this lawsuit.  If Defendants disagree, Defendants may

19       move for a protective order against such production.

20  6.   Members' financial records:  The Court cannot resolve the question of whether the financial

21       documents of Coleman and her daughter should be produced on this limited record.  Thus, if

22       they choose, Defendants may file a motion for protective order against discovery of loan

23       documents.  Plaintiff, however, shall promptly identify to Defendants all Board members or

24       others whom he contends were given preferential treatment, so that Defendants can

25       determine if these non-parties consent or object to the production of their financial

26       documents to plaintiff in this lawsuit.

27  7.   Depositions prior to mediation:  The parties agree that certain depositions shall take place

28       prior to mediation (Tom Richardson, Dora Coleman, Richard Mark, May Li, Maris Menchu

Silvestre, Gila PMK (and/or Chuck Busch) and Larry Wright.  Plaintiffs appears to seek

leave to take six additional depositions of fact witnesses prior to mediation, such as Danna

Mouat and Collin Alscher.  Prior to mediation, Plaintiff is limited to taking at most the

deposition of one potential fact witness in addition to the depositions to which the parties

have agreed.

**IT IS SO ORDERED.**

Dated: October 17, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California

3