IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DEAN WRIGHT,<br><br>    Plaintiff,<br><br>v.<br><br>OAKLAND MUNICIPAL CREDIT UNION,<br><br>    Defendant.<br>_____/ | No. C-11-01484 EDL<br><br>**ORDER REGARDING JOINT SUBMISSION OF PARTIES RE: (1) DISCOVERY LIMITS; AND (2) DISCOVERY PLAN** |

On September 29, 2011, the parties filed a Joint Submission of Parties Regarding (1) Discovery Limits and (2) Discovery Plan. The submission contained areas of agreement and disagreement between the parties regarding discovery in this case. To the extent that the submission contains the parties' agreements, the Court incorporates those agreements in this Order. The Court makes the following rulings on the issues about which the parties disagree.

1. Interrogatories: Plaintiff is limited to a total of 50 interrogatories and Defendants are limited to 75 interrogatories to be split between Defendant Oakland Municipal Credit Union and the individual Defendants as they choose.

2. Requests for Admissions: There shall be no limit on requests for admission as to the genuineness of documents, but the Court encourages the parties to resolve issues of genuineness by stipulation. Other requests for admission are limited to 50 per side for the entire litigation to be used in any phase of the case.

3. Requests for Production of Documents: The number of requests for production that may be

served is not limited. Any party may, if warranted, file a motion for protective order against excessive requests for production.

4. Depositions: There has been no sufficient showing at this time that the number of depositions should exceed ten per side as permitted by Federal Rule of Civil Procedure 30(a). Either party may seek leave of court to exceed ten depositions in the future if the appropriate showing can be made. Plaintiff shall have a total of twenty-four hours of deposition time for Dora Coleman and Richard Mark, to be split between the two witnesses as Plaintiff wishes. These depositions shall count as two against the limit of ten. Defendants shall have a total of twelve hours of deposition time for Plaintiff, which will count as one deposition against the limit of ten. The Court declines to formally order that counsel for Oakland Municipal Credit Union and counsel for the individual Defendants are barred from covering the same areas of inquiry, as requested by Plaintiff, but cautions Defendants to avoid repetitive questioning during depositions.

5. Defendant Coleman's personnel records: Although Defendants seek to avoid costly motion practice prior to mediation, the Court disagrees that deposition testimony on this issue would be better than discovery of the documents. The Court suggests that, prior to mediation, Defendants should produce the personnel records subject to a stipulated protective order that limits use of private information to this lawsuit. If Defendants disagree, Defendants may move for a protective order against such production.

6. Members' financial records: The Court cannot resolve the question of whether the financial documents of Coleman and her daughter should be produced on this limited record. Thus, if they choose, Defendants may file a motion for protective order against discovery of loan documents. Plaintiff, however, shall promptly identify to Defendants all Board members or others whom he contends were given preferential treatment, so that Defendants can determine if these non-parties consent or object to the production of their financial documents to plaintiff in this lawsuit.

7. Depositions prior to mediation: The parties agree that certain depositions shall take place prior to mediation (Tom Richardson, Dora Coleman, Richard Mark, May Li, Maris Menchu

Silvestre, Gila PMK (and/or Chuck Busch) and Larry Wright. Plaintiffs appears to seek leave to take six additional depositions of fact witnesses prior to mediation, such as Danna Mouat and Collin Alscher. Prior to mediation, Plaintiff is limited to taking at most the deposition of one potential fact witness in addition to the depositions to which the parties have agreed.

**IT IS SO ORDERED.**

Dated: October 17, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge